1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT
9    SOUTHERN DISTRICT OF CALIFORNIA
10

| 11 | LARRY WHITE, CDCR #G-37720, | Case No.: 18-cv-00576-BAS-BGS |
|---|---|---|

LARRY WHITE,
CDCR #G-37720,

Case No.: 18-cv-00576-BAS-BGS

                        Plaintiff,

**ORDER:**

            v.

**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2];**

W.L. MONTGOMERY,

                        Defendant.

**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a); AND**

**(3)  DENYING MOTION TO APPOINT COUNSEL AS MOOT [ECF No. 3]**

       Plaintiff Larry White, currently housed at Calipatria State Prison, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. §1983.  (ECF No. 1.)  Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. §1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2), along with a Motion to Appoint Counsel (ECF No. 3).

**LEGAL STANDARD**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. §1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to §1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from

pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting §1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## DISCUSSION

As an initial matter, the Court takes judicial notice that Plaintiff, while incarcerated, has brought at least three prior civil actions which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(g). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The actions of which the Court takes judicial notice for the purposes of this order are:

1) *White v. Ulstad*, No. 2:13-cv-02459-UA-VBK, ECF No. 6 (C.D. Cal. May 20, 2013) (order dismissing action as frivolous, malicious and fails to state a claim upon which relief may be granted) (strike one);

2) *White v. Soto*, No. 2:13-cv-02751-UA-VBK, ECF No. 4 (C.D. Cal. June 18, 2013) (order dismissing action as frivolous, malicious and fails to state a claim upon which relief may be granted) (strike two);

3) *White v. City and County of San Francisco*, No. 3:15-cv-03265-JD, ECF Nos. 9, 10 (N.D. Cal. Nov. 17, 2015) (order dismissing action for failing to state a claim) (strike three).

Based on the orders of dismissal in these cases, the Court concludes that Plaintiff has, while incarcerated, accumulated at least the three "strikes" permitted pursuant to Section 1915(g). Therefore, Plaintiff must show that he faces imminent physical danger in order to receive IFP status.

The Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. §1915(g)). Therefore, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. §1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right."). Accordingly, the Court denies Plaintiff's motion to proceed IFP and further dismisses the action without prejudice for failure to pay the filing fee.

## CONCLUSION & ORDER

For the reasons set forth above, the Court hereby:

(1)     **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. §1915(g).

(2)     **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. §1914(a).

(3)     **DENIES AS MOOT** Plaintiff's Motion to Appoint Counsel (ECF No. 3); and

(4)     **DIRECTS** the Clerk of the Court to close the case file in light of the foregoing dismissal.

**IT IS SO ORDERED**.

**DATED:  March 27, 2018**

Hon. Cynthia Bashant
United States District Judge

18cv576