# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WHITE, CDCR #G-37720,<br><br>Plaintiff,<br><br>v.<br><br>W.L. MONTGOMERY,<br><br>Defendant. | Case No.: 18-cv-00576-BAS-BGS<br><br>**ORDER:**<br><br>**(1) DENYING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g);**<br><br>**(2) DISMISSING ACTION; AND**<br><br>**(3) DENYING MOTION TO APPOINT COUNSEL AS MOOT** |

**I.    PROCEDURAL HISTORY**

On March 19, 2018, Larry White, currently housed at Calipatria State Prison, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. §1983. (ECF No. 1.) Plaintiff did not prepay the full civil filing fee required by 28 U.S.C. §1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2), along with a Motion to Appoint Counsel (ECF No. 3). On March 27, 2018, this Court denied Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. §1915(g). (ECF No. 4 at 4.) In addition, the Court found that Plaintiff's Complaint did not contain plausible allegations that Plaintiff "faced

1

'imminent danger of serious physical injury' at the time of filing." (*Id.* at 4 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*")).) The Court directed the Clerk of Court to close the file. (*Id.*)

Despite the Court's denial of Plaintiff's prior IFP motion as statutorily and its dismissal of the entire action, Plaintiff has filed an Amended Complaint ("FAC"), a renewed Motion to Proceed IFP, and a renewed Motion for Appointment of Counsel. (ECF Nos. 7, 8, 10.) The Court once more denies Plaintiff's IFP motion and dismisses the case.

## I.  MOTION TO PROCEED IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners" like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. §1915(a)(3)(b), *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Cervantes*, 493 F.3d at 1052 (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is *prohibited* by Section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. §1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting §1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

The Court first considers whether plaintiff has three strikes. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court again takes judicial notice that Plaintiff, while incarcerated, has brought at least three prior civil actions which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). They are:

1) *White v. Ulstad*, No. 2:13-cv-02459-UA-VBK (C.D. Cal. May 20, 2013) (Order dismissing action as frivolous, malicious and fails to state a claim upon which relief may be granted) (strike one);

2) *White v. Soto,* No. 2:13-cv-02751-UA-VBK (C.D. Cal. June 18, 2013) (Order dismissing action as frivolous, malicious and fails to state a claim upon which relief may be granted) (strike two);

3) *White v. City and County of San Francisco* No. 3:15-cv-03256-JD (N.D. Nov. 17, 2015) (Order dismissing action for failing to state a claim) (strike three).

3

Because Plaintiff has three strikes, the Court has once again carefully reviewed Plaintiff's FAC and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. §1915(g)). Plaintiff claims that the Defendants have not provided him with copies of court documents which "may prolong Plaintiff's imprisonment to face imminent danger of serious physical injury." (FAC at 3.) The fact that Plaintiff is in prison, and may stay there longer than he feels he should be is insufficient to find that he faces any imminent danger of serious physical injury at the time he filed this action.

Accordingly, because Plaintiff has, while incarcerated, accumulated at least the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his FAC, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right."). The Court will *not* accept any further amended pleadings in this matter. If Plaintiff wishes to proceed with the claims that he sets forth in his Complaint or his FAC, he must file a *separate* action, along with the $400 initial civil filing fee required by 28 U.S.C. §1914(a).

## III. CONCLUSION & ORDER

For the reasons set forth above, the Court hereby:

(1) **DENIES** Plaintiff's renewed Motion to Proceed IFP (ECF Doc. No. 8) as barred by 28 U.S.C. §1915(g);

(2) **DISMISSES** this civil action *sua sponte* without prejudice for failure to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a).

(3) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF Doc. No. 10) as moot.

(4) **DIRECTS** the Clerk of Court to close the file once more; and

(5) Advises Plaintiff that any documents he seeks to file in this case will be rejected.

**IT IS SO ORDERED.**

DATED: April 11, 2018

Hon. Cynthia Bashant
United States District Judge